TAYLOR H. ARANA (IL Bar # 6329393)
230 S. Dearborn, Suite 3030
Chicago, IL 60604
Email: tarana@ftc.gov
Phone: (312) 960-5639

RACHEL F. SIFUENTES (CA Bar # 324403)
rsifuentes@ftc.gov

GUY G. WARD (IL Bar # 6217011)
gward@ftc.gov

*Attorneys for Petitioner*
*Federal Trade Commission,*
*Appearing Pursuant to Civil L.R. 11-2*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Federal Trade Commission,<br><br>Petitioner,<br><br>v.<br><br>Block, Inc.<br><br>Respondent. | Case No. 26-80299<br><br>PETITION TO ENFORCE<br>CIVIL INVESTIGATIVE DEMAND |

1. Pursuant to Section 20 of the Federal Trade Commission Act (“FTC Act”), 15 U.S.C. § 57b-1, the Federal Trade Commission (“FTC”) respectfully petitions this court for an order requiring Block, Inc. (“Block”) to comply with a Civil Investigative Demand (“CID”) or show cause as to why it should not be compelled to comply with the CID. A proposed order accompanies this petition.

2. As described in the accompanying memorandum and supporting exhibits, Block is a financial technology company offering payment processing services, and other integrated financial products to small businesses, through its “Square” website and mobile app (“Square”). The FTC has received over 1,500 consumer complaints about Square, alleging that Block has frozen or deactivated Square users’ access to their payment processing accounts without notice or remedy, prevented users from transferring funds to external bank accounts, and committed other misconduct. The FTC is investigating whether Block has violated multiple laws, including Section 5 of the FTC Act, 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices.

3. On January 22, 2026, the FTC issued a CID—a type of administrative subpoena—to Block, seeking information relevant to the potential misconduct. [redacted]

4. [redacted]

5. Now, the Commission seeks to enforce the CID relating to Requests for organizational charts and personnel directories (RFP 1); consumer loan offers, applications, and

complaints (RFPs 7, 17); presentations to investors and management committees (RFPs 8-9); policies and procedures (RFP 21); and the identity of the Block employees with firsthand knowledge of the subject of the FTC's investigation (ROG 46). The Commission also seeks to enforce the CID's requirements that Block verify the truthfulness of its completed interrogatory Responses, and certify to the completeness of the responses to the document and data Requests Block has indicated are complete.[1] These CID requirements should be enforced because they satisfy the conditions for enforcement of agency process: (1) the FTC has statutory authority to investigate Block's conduct; (2) the FTC followed all procedural requirements; and (3) the information sought is relevant and material to the investigation. *See EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950).

6. Although enforcement may be limited where it would impose an unreasonable or undue burden on the producing party, *EEOC v. McLane Co.*, 804 F.3d 1051, 1056 (9th Cir. 2015), *vacated on other grounds*, 581 U.S. 72 (2017), Block failed to raise such claims before the agency in a petition to limit or quash, as required by 15 U.S.C. § 57b-1(f), and 16 C.F.R. §§ 2.7(k), 2.10(a)-(b), and 2.11. The Requests at issue are reasonable given the nature of the investigation and the consumer protection concerns underlying it, as well as the size and scope of Block's business.

7. The FTC has filed a Memorandum of Law in support of this petition, attached hereto as Exhibit 1. The FTC aslo relies on the Declaration of Taylor H. Arana and supporting exhibits, filed separately as Dkt. 2, and incorporated herein, to certify the facts that are the basis for this petition.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction to enforce the FTC's duly issued CID to Block, under Section 20(e) of the FTC Act, 15 U.S.C. § 57b-1(e), which provides in pertinent part:

---

1 [redacted] The Commission reserves its right to enforce the CID with respect to those other Requests should judicial intervention become necessary.

> Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever . . . such person refuses to surrender such material, the Commission, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person, a petition for an order of such court for the enforcement of this section.

Section 20(h) of the FTC Act also gives the Court "jurisdiction to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section." 15 U.S.C. § 57b-1(h). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

9. Venue is proper because Block is found and transacts business in this district at 1955 Broadway, Suite 600, Oakland, California 94612. 15 U.S.C. § 57b-1(e); 28 U.S.C. § 1391.

**DIVISIONAL ASSIGNMENT**

10. Under the Local Rules, this action arises in Alameda County because a substantial part of the events or omissions giving rise to the claims occurred there. *See* Civil L.R. 3-2(c).

**PARTIES**

11. Petitioner FTC is an agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821, which prohibits obtaining consumer financial information by making false, fictitious, or fraudulent representations, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), which establishes requirements for furnishing or obtaining consumer reports in connection with payment processing services and loans.

12. To determine whether any violations of these statutes occurred, Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties; Section 6 of the FTC Act, *id.* § 46, empowers the Commission to investigate the business and conduct of any person, partnership, or corporation whose business affects commerce; and Section 20 of the FTC Act, *id.* § 57b-1(c), empowers the Commission to require by CID materials,

answers to interrogatories, preparation of written reports, and sworn testimony in an investigation to determine if a corporation is or has been engaged in unfair or deceptive acts or practices in or affecting commerce. The FTC is also authorized to initiate proceedings, by its attorneys, to prohibit activities that violate the statutes it enforces. *Id.* §§ 45(b), 53(b).

13. Respondent Block is a public Delaware corporation headquartered in Oakland, CA.

**The CID**

14. The FTC issued the CID to Block on January 22, 2026. The CID identified the following subject of the ongoing investigation:

> Whether the "Company" as defined herein engages in deceptive, unfair, or otherwise unlawful practices in connection with the marketing, sale, or use of its payments products and services, including regarding the availability of funds and dispute resolution, in violation of the FTC Act, 15 U.S.C. § 45; whether the Company obtains or attempts to obtain, or causes to be disclosed or attempts to cause to be disclosed, customer information of a financial institution relating to another person by making a false, fictitious, or fraudulent statement or representation to a customer of a financial institution, in violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6821; whether the Company fails to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), with regard to furnishing or obtaining Consumer Reports; and whether Commission action to obtain monetary relief would be in the public interest.

15. The CID was issued pursuant to four Resolutions authorizing the use of compulsory process in aid of investigations of violations of statutes under which the Commission has enforcement authority, which are attached to the declaration accompanying this Petition.

16. To respond to the Requests for documents, a person with knowledge of the facts and circumstances relating to the production is required to certify that all of the documents, information, and tangible things required by the CID which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been produced and made available to the FTC's custodian. 15 U.S.C. § 57b-1(c)(11). Additionally, to respond to the interrogatories in the CID, a person responsible for answering is required to verify the truthfulness of the responses under oath and certify that, unless reasons for objection have been stated, the

written answers provide all information required by the CID in the possession, custody, control, or knowledge of the person to whom the demand is directed. 15 U.S.C. § 57b-1(c)(13).

17. The CID that the Commission issued to Block on January 22, 2026, directed Block to provide a Certificate of Compliance in which a person with knowledge of the facts and circumstances relating to their responses certifies that responses are complete and correct.

**Block's Failure to Comply with the CID**

18. Block's response was originally due on February 23, 2026. [redacted]

19. As the CID instructed Block, any petition to modify, limit, or quash the CID must be filed within 20 days after service, and the petition must contain all assertions of protected status, and factual and legal objections, in accordance with the requirements of 15 U.S.C. § 57b-1(f), and 16 C.F.R. §§ 2.7(k), 2.10(a)-(b), and 2.11. Block has never filed such a petition.

20. As described in detail in the FTC's accompanying memorandum and declaration, since issuing the CID, [redacted]

21. Block has neither verified its completed interrogatory responses, nor certified the completeness of the document and data Requests it has indicated are complete.

22. Block's failure to fully comply with the CID has delayed and impeded the Commission's investigation.

23. The FTC has not previously sought relief requested herein in this or any other court.

**Prayer for Relief**

WHEREFORE, the Commission invokes the aid of this Court and prays for:

1. Immediate issuance of an order, substantially in the form attached, directing Block to comply with Interrogatory 46, and Requests for Production 1, 7-9, 17, 21, and to provide sworn certification that its production of documents and response to the listed CID requests is complete and that its responses to the interrogatories are correct, or to show cause why Block should not be required to comply with the CID; and

2. Such other relief as this Court deems just and proper.

Dated: October 7, 2026

Respectfully submitted,

**FOR THE FEDERAL TRADE COMMISSION:**

LUCAS CROSLOW
General Counsel

/s/ Taylor H. Arana

TAYLOR H. ARANA (IL Bar # 6329393)
230 S. Dearborn, Suite 3030
Chicago, IL 60604
Email: tarana@ftc.gov
Phone: (312) 960-5639

RACHEL F. SIFUENTES (CA Bar # 324403)
rsifuentes@ftc.gov

GUY G. WARD (IL Bar # 6217011)
gward@ftc.gov

*Attorneys for Petitioner*
*Federal Trade Commission*